

# IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Gregory Williams,
Plaintiff,

v.

Experian Information Solutions, Inc.;
Equifax Information Services, LLC;
TransUnion, LLC;
and Westlake Financial Services,
Defendants.

Civil Action No: __GLR 25 CV 3320__

## COMPLAINT

Plaintiff Gregory Williams, proceeding pro se, alleges as follows:

### I. INTRODUCTION

1. This is an action for damages and injunctive relief for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.
2. Defendants reported and/or furnished false and inaccurate information regarding Plaintiff's account with Westlake Financial Services, including inconsistent late payments, false charge-offs, and conflicting account removal dates.
3. Despite multiple disputes submitted to Experian, Equifax, TransUnion, and Westlake Financial Services (sent certified mail beginning September 23, 2025), Defendants failed to conduct reasonable investigations and continued publishing inaccurate information.
4. As a direct and proximate result of these violations, Plaintiff has suffered eviction proceedings, housing instability, denial of credit, financial losses, and emotional distress.

### II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the FCRA, 15 U.S.C. § 1681.
6. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in Howard County, Maryland, and the events giving rise to the claims occurred in this District.

HD

Rcv'd by: _An_

### III. PARTIES

7. Plaintiff Gregory Williams is a natural person residing at 8818 Town and Country Blvd, Apt B, Ellicott City, Maryland 21043.
8. Defendant Experian Information Solutions, Inc. is a consumer reporting agency doing business nationwide.
9. Defendant Equifax Information Services, LLC is a consumer reporting agency doing business nationwide.
10. Defendant TransUnion, LLC is a consumer reporting agency doing business nationwide.
11. Defendant Westlake Financial Services is a furnisher of consumer information, providing tradeline data to the CRAs.

### IV. FACTUAL ALLEGATIONS

12. On or about September 23, 2025, Plaintiff mailed certified disputes to Experian, Equifax, TransUnion, and Westlake Financial Services (Exhibits A–C).
13. The disputes identified multiple inaccuracies, including:
   - Inconsistent reporting of payment history across CRAs;
   - Improper charge-off reporting after October 2024;
   - False reporting of late payments for June and July 2024 despite proof of a $292 payment;
   - Conflicting account removal dates (Experian: 03/2031, TransUnion: 05/2031, Equifax: 07/2031).
14. Each CRA received Plaintiff's disputes between September 25–27, 2025, and Westlake received its dispute on October 2, 2025.
15. Despite these disputes, Defendants failed to:
   - Provide proper Method of Verification documentation;
   - Conduct a reasonable reinvestigation;
   - Correct the inaccurate reporting.
16. Instead, Defendants verified or continued reporting false information without substantiating documents.
17. As a result, Plaintiff has been subjected to eviction proceedings (October 9, 2025 and October 19, 2025), which directly stem from the financial hardship caused by Defendants' unlawful credit reporting.
18. Plaintiff has also suffered financial denial, credit damage, emotional distress, and worsening health conditions due to stress.

### V. CLAIMS FOR RELIEF

Count I – Violations of the FCRA, 15 U.S.C. § 1681e(b)
19. Defendants Experian, Equifax, and TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information they reported about Plaintiff.

Count II – Violations of the FCRA, 15 U.S.C. § 1681i
20. Defendants Experian, Equifax, and TransUnion failed to conduct reasonable reinvestigations of Plaintiff's disputes, and failed to provide an adequate description of their method of verification.

Count III – Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

21. Defendant Westlake Financial Services failed to properly investigate disputes referred by the CRAs, failed to provide validation of the debt, and continued furnishing false and inaccurate information.

## VI. DAMAGES

22. As a result of Defendants' violations, Plaintiff has suffered actual damages including:
   - Housing instability and eviction risk;
   - Financial losses and credit denials;
   - Emotional distress and health impacts.

23. Plaintiff is entitled to recover statutory damages of up to $1,000 per violation, actual damages, punitive damages, costs, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

a. A declaration that Defendants' conduct violated the FCRA;
b. A preliminary and permanent injunction prohibiting Defendants from reporting inaccurate information regarding Plaintiff;
c. Statutory damages of $1,000 per violation;
d. Actual damages in an amount to be determined at trial;
e. Punitive damages;
f. Costs of suit and reasonable attorney's fees; and
g. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Gregory Williams
8818 Town and Country Blvd, Apt B
Ellicott City, MD 21043
Phone: 410-863-9457
Email: gregorywilliamsjr49@yahoo.com

Dated: October 6, 2025

*Gregory Williams*